{¶ 60} I agree that the record portrays both Michele Lewis's need for spousal support and Charles Davis's ability to pay, as well as changed circumstances required by R.C. 3105.18(E) in order to amend a prior spousal support order. However, there was no prior spousal support order to amend.
 {¶ 61} R.C. 3105.18(A) defines spousal support to mean "any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is both for sustenance and support of the spouse or former spouse."
 {¶ 62} The decree of divorce entered in the present case provides that "there shall be no award of spousal support at this time, so long as the Defendant continues to pay the support order under Juvenile Case Number JC 2000-6194." That order was for child support, which is paid for the benefit of a child. Michele Lewis was merely the obligee who was entitled by the order to receive the support payments on the child's behalf. R.C3119.01(B)(3). Those payments were not for her benefit, and are not spousal support.
 {¶ 63} The jurisdiction of the court of common pleas and its divisions is provided by statute. Article IV, Section 4(B), Ohio Constitution. Jurisdiction to grant divorces is conferred on the court of common pleas by R.C 3105.01. R.C. 2301.03(F) assigns the exercise of that jurisdiction to the domestic relations division of the Court of Common Pleas of Montgomery County.
 {¶ 64} The domestic relations court's jurisdiction is invoked when an action for divorce is commenced pursuant to Civ.R. 3(A). The court's jurisdiction in the action terminates, unless otherwise provided by statute, when a judgment and decree of divorce is entered, because the decree is a final order in a special proceeding. Langer v. Langer
(1997), 123 Ohio App.3d 348.
 {¶ 65} There are two statutory exceptions which continue the jurisdiction of the court invoked in a divorce action after the final decree has issued. One involves terms of the decree involving the care, custody, and control of minor children ordered pursuant to R.C. Chapter 3109. The other exception involves spousal support, and is found in R.C.3105.18(E). That section provides, in pertinent part:
 {¶ 66} "[I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 {¶ 67} "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 68} R.C. 3105.18(E)(1) confers continuing jurisdiction to modify an order for periodic payments of money as spousal support which is entered in a final decree of divorce if the decree specifically authorizes the court to modify the amount or terms of spousal support the court has ordered. Such an authorization, or "reservation of jurisdiction" as it is sometimes called, cannot confer any continuing jurisdiction unless the decree contains an order for periodic payments of money as spousal support.
 {¶ 69} In the present case, the divorce decree expressly provides that "there shall be no award of spousal support at this time." The further clause continuing that denial of that relief "so long as Defendant continues to pay" the child support required in a juvenile court proceeding is not an order for periodic payments of money as spousal support, because child support is not spousal support. Therefore, whether Defendant satisfies that obligation or is relieved of it is immaterial with respect to the "continuing jurisdiction" the provision purports to confer.
 {¶ 70} Defendant-Appellant has not challenged the domestic relations court's jurisdiction to now enter a spousal support order. However, a court's jurisdiction may be challenged at any phase of the proceeding, including on appeal, and the issue may be raised by the court itself. Indeed the court should raise the issue when constitutionally conferred jurisdiction is distorted or nonexistent.
 {¶ 71} R.C. 3105.011 confers full equitable powers and jurisdiction on the domestic relations courts which are "appropriate to the determination of domestic relations matters." In recent years, some parties and courts have, at least in my view, used that provision to expand the court's powers beyond applicable statutory limits. The matter is equally serious, if not even more so, when the court's jurisdiction is involved, because mischief is then even more likely to occur.
 {¶ 72} In the present case, if Michele Davis had a need for spousal support when her marriage to Charles Davis was terminated in 2002, she could have prosecuted the claim. She didn't, and instead deferred the issue through a defective "reservation of jurisdiction" that was coupled to termination of child support, which was no doubt anticipated. That merely perpetuates the conflict a divorce action should fully resolve if at all possible. And, it does so by creating continuing jurisdiction that cannot exist.
 {¶ 73} The courts are not social service agencies, available on a perpetual basis to ameliorate any and all problems in marital relationships. Courts exercise the judicial power conferred on them by Article IV, Section 1 of the Ohio Constitution. Even in its equitable applications, that power is best exercised with precision and restraint. Careful observation of the jurisdictional boundaries which acts of the General Assembly impose in exercise of the authority conferred on it by Article IV, Section 4(B) is necessary to achieve those goals. In my view, that was not done here.
 {¶ 74} Returning to where I began, it should have seemed obvious in 2002 when the parties terminated their marriage of twenty-one years that Michele Lewis had a need for spousal support and that Charles Davis had the ability to pay it. That year, Michele Lewis worked three jobs and earned $34,000.00. Charles Davis worked but one job and earned $65,000.00, almost twice what his wife earned. His annual child support obligation was $9,152.00, but would terminate in another year. Some spousal support was even then justified, and had spousal support in some amount been ordered Charles Davis could have sought a modification of his child support obligation. See R.C. 3119.022. And, had spousal support been ordered and jurisdiction "reserved," Michele Lewis could have legitimately sought an upward modification in 2004 when her health deteriorated. More importantly, the court would have possessed the continuing jurisdiction to grant that relief. None of that was done, and the alternative that was followed both perpetuated uncertainty and distorted the court's jurisdiction.
 {¶ 75} For the foregoing reasons, I would reverse and vacate the order imposing a spousal support obligation from which this appeal was taken, upon a finding that the domestic relations court lacked jurisdiction to enter the order.